# New Orleans, Mobile, and Chattanooga Railroad Company *v.* Long.

### *Ancillary Garnishment in Action on Common Counts.*

1. *What demands may be subjected by garnishment.* — A garnishee is required to answer as to any indebtedness on his part to the defendant, at the time of the service of the garnishment, or at the time of making his answer, and also as to any future indebtedness that may arise under any existing contract (Rev. Code, § 2944); and judgment may be rendered against him for any such indebtedness admitted in his answer.

2. *Admissibility of other garnishments as evidence.* — When a garnishee admits an indebtedness in his answer, or it is established against him on a contest of his answer, he may reduce the amount of the plaintiff's recovery against him, by showing that another creditor has recovered a judgment in garnishment against him, which he has paid; but he cannot complain of the rejection of such garnishment and judgment as evidence, when he does not show that his indebtedness was less than the amount of the two judgments rendered against him.

APPEAL from the City Court of Mobile.
Tried before the Hon. JAMES Q. SMITH.

GEO. N. STEWART, for the appellant.

B. F. SAFFOLD, J. — The appellee, after commencing suit in assumpsit against Franklin W. King, procured process of garnishment against the appellant. The company answered, that no indebtedness was existing from itself to the defendant. The answer was contested, on issues of indebtedness at the time of the service of the garnishment, and at the date of the

[Money v. Turnipseed.]

answer. The plaintiff proved a contract between the defendant and the garnishee, entered into the day before the garnishment was served, by which the latter purchased from the other about $2,000 worth of material for working on railroads. The purchase-money had not been paid, but was to be credited with whatever amount the vendor was indebted to the company. The court charged the jury, that the plaintiff was entitled to recover from the garnishee whatever amount (not in excess of the judgment against the defendant) the company was found to be indebted to the defendant on this contract, either at the date of the service of the garnishment, or of making the answer.

Section 2944 of the Revised Code requires the garnishee to " answer, upon oath, whether he was indebted to the defendant at the time of the levy of the attachment, or at the time of making his answer, and whether he will not be indebted in future to him by a contract then existing," &c. The charge is a correct application of this law to the facts related. Such was the construction given to it in *Central Plank Road Co.* v. *Sammons & Dotes*, 27 Ala. 380. The law seems to be a fishing one, and its tendency undoubtedly is to break up many contracts, where the debtor is unable to devote the whole of his earnings to the payment of his debts. But we think the circuit court gave to it the natural and proper interpretation of its terms.

2. The judgment obtained by Shawhan against the company, as garnishee of King, was admissible to reduce the recovery in this instance, if it had been necessary. But the appellant did not show it to have been so, and it did not strictly come within the issue made up or argued. Unless its amount would have made the judgment in this case extend beyond the garnishee's indebtedness to the defendant, no injury is, done. The appellant does not claim that such was the case..

The judgment is affirmed.